UNITED STATES of America, Plaintiff,

v.

W.R. GRACE, Alan R. Stringer, Henry A. Eschenbach, Jack W. Wolter, William J. McCaig, Robert J. Bettacchi, O. Mario Favorito, Robert C. Walsh, Defendants.

No. CR 05–07–M–DWM.

United States District Court, D. Montana, Missoula Division.

Nov. 23, 2005.

---

William B. Jacobson, Laurence A. Urgenson, Kirkland & Ellis LLP, Tyler D. Mace, Gary A. Winters, Mayer Brown Rowe Maw LLP, Washington, DC, Carl J. Oreskovich, Holden & Oreskovich, Spokane, WA, Charles E. McNeil, Stephen R. Brown, Jr., Kathleen L. Desoto, Garlington, Lohn & Robinson PLLP, C.J. Johnson, Kalkstein Law Firm, Missoula, MT, David S. Krakoff, Ronald F. Waterman, Gough Shanahan Johnson Waterman, Palmer A. Hoovestal, Hoovestal Kakuk & Fanning, Helena, MT, Elizabeth Van Doren Gray, Sowell Gray Stepp & Lafitte, Columbia, SC, William A. Coates, Roe Cassidy Coates & Price, Greenville, SC, Stephen A. Jonas, Wilmer Cutler Pickering Hale Dorr, Boston, MA, Keith Strong, Dorsey & Whitney, PC, Great Falls, MT, for Defendants.

## ORDER

MOLLOY, Chief Judge.

### I. Introduction

At issue in this matter is a motion by Defendant W.R. Grace and Co. ("Grace") for an order compelling the government to produce its agents' rough notes compiled during interviews with all current and former Grace employees. Grace argues that the rough notes are discoverable pursuant to Rule 16(a)(1)(B), Fed.R.Crim.P., and that the government's obligation to produce extends to notes of all interviews with current and former Grace employees under Rule 16(a)(1)(C). Grace, joined by the individual Defendants, also seeks an order requiring the government to inspect all other rough interview notes in the government's possession for any evidence favorable to the accused pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The prosecution contends that Rule 16 does not require it to produce rough interview notes because it has already provided finalized reports of all interviews. The government states further that it is aware of its obligations under *Brady* and that an extensive review of rough interview notes is underway.

## II. Factual Background[1]

On March 15, 2005 the Court ordered the government to produce, *inter alia*, the following:

> All reports of interview, memoranda and transcripts of testimony before the Federal Grand Jury of all employees and former employees of Defendant W.R. Grace; and
>
> All written and recorded statements of the defendants in possession of the prosecution team.[2]

(Scheduling Order at 4.) The government filed a Notice to the Court on May 4, 2005, indicating that it had fully complied with the Scheduling Order and Rule 16. For purposes of this motion, the relevant materials produced by the government included:

(1) Fifteen (15) Investigative Activity Reports ("IARs") of interviews of former Grace employees by Environmental Protection Agency ("EPA") agents;

(2) Two (2) reports of interviews of former Grace employees by an Internal Revenue Service agent;

(3) Five (5) grand jury transcripts containing testimony of former Grace employees; and

(4) Six (6) deposition transcripts containing interviews of former Grace employees.

The government did not include any rough interview notes among the materials produced in response to the Scheduling Order. The Defendants had asked for rough interview notes by letter before and after the government's production in response to the Scheduling Order. The government responded to the requests by inviting the Defendants to file a motion should they desire more information than has been provided. Thus Grace filed this motion on August 1, 2005.

## III. Analysis

### A. The Government's Obligation to Disclose Rough Interview Notes Pursuant to Rule 16(a)(1)(B)(ii)

Rule 16(a)(1)(B) provides in relevant part:

> Upon a defendant's written request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>
> . . . . .
>
> (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent.[3]

---

**1.** The facts of this case are well known to the parties and will be discussed herein only to the extent necessary to address the issues raised by the present motion.

**2.** The Court's use of the term "prosecution team" in the March 15, 2005 Order was unfortunate. As became clear during the discovery phase of this case, "prosecution team" is a legal term of art used by other circuits to determine the proper scope of the government's disclosure obligations under Rule 16, Fed.R.Crim.P. and *Brady*. *See, e.g., United States v. Meros*, 866 F.2d 1304, 1309 (11th Cir.1989) (quoting *United States v. Antone*, 603 F.2d 566, 569 (5th Cir.1979)). The reference in the March 15 Order to the "prosecu-

tion team" should not be read to limit in any way the government's obligations pursuant to Rule 16 and *Brady*. The Court has clarified those obligations by separate order filed contemporaneously. *See* Order dated November 23, 2005, resolving Grace's Motion for Material and Exculpatory Information in the Possession of Government Agencies and the individual Defendants' Motion for Production of *Brady* Materials at pp. 13–14 (rejecting the government's argument for application of the "prosecution team" concept).

**3.** Prior to the 2002 amendments to the Federal Rules of Criminal Procedure, the disclosure obligation of Rule 16(a)(1)(B)(ii) was set forth in Rule 16(a)(1)(A).

The substance of Rule 16(a)(1)(B)(ii) was added to the Federal Rules of Criminal Procedure as part of the 1991 amendments to Rule 16. The Advisory Committee's notes relating to that addition provide the following comment:

The amendment to Rule 16(a)(1)(A) expands slightly government disclosure to the defense of statements made by the defendant. The rule now requires the prosecution, upon request, to disclose any written record which contains reference to a relevant oral statement by the defendant which was in response to interrogation, without regard to whether the prosecution intends to use the statement at trial. The change recognizes that the defendant has some proprietary interest in statements made during interrogation regardless of the prosecution's intent to make any use of the statements.

*The written record need not be a transcription or summary of the defendant's statement but must only be some written reference* which would provide some means for the prosecution and defense to identify the statement.

Advisory Committee's Note to 1991 Amendments, Rule 16, Fed.R.Crim.P. (emphasis added).

■ Grace argues that rough interview notes containing statements made by defendants are discoverable under Rule 16(a)(1)(B)(ii) because they constitute a written record containing the substance of a relevant oral statement. The prosecution does not see things in the same light and maintains that it has fulfilled its duties under Rule 16 by disclosing finalized reports of interview for all interviews with past and present Grace employees. Case law from other jurisdictions, cited extensively by both parties, is split on whether Rule 16(a)(1)(B)(ii) requires production of rough interview notes containing the substance of a statement by the defendant.

*See, e.g., United States v. Clark,* 385 F.3d 609, 619 (6th Cir.2004) (rough interview notes discoverable under Rule 16(a)(1)(B)(ii) despite disclosure of agent's interview summary), *United States v. Molina–Guevara,* 96 F.3d 698, 705 (3rd Cir. 1996) (remanding on other grounds but noting that on remand, production of rough interview notes is required under Rule 16), and *cf. United States v. Coe,* 220 F.3d 573, 582 (7th Cir.2000) (Rule 16 does not require disclosure of rough interview notes where agent's report of interview contains all information in the rough notes), and *United States v. Koskerides,* 877 F.2d 1129, 1133 (2nd Cir.1989) (prosecution fully complied with pre–1991 version of Rule 16(a)(1)(A) by providing typewritten memoranda of interviews prepared from agent's notes).

The Ninth Circuit has not addressed the applicability of Rule 16(a)(1)(B)(ii) to rough interview notes, but has suggested that rough notes should be available to a criminal defendant. In *United States v. Harris,* 543 F.2d 1247 (9th Cir.1976), the sole question before the court was whether the law of the circuit requires FBI agents to preserve original interview notes once a final report has been prepared. The court resolved the question in the affirmative, and listed several reasons why rough notes may be of value even after a finalized report has been prepared. During that discussion, the court wrote:

Several circuits have recently ruled that rough notes taken by a government agent in an interview with the accused or written summaries of a defendant's oral statements are discoverable under Rule 16 of the Federal Rules of Criminal Procedure. (Citations omitted.)

In [*United States v. Lewis,* 511 F.2d 798, 802 (D.C.Cir.1975) ], the court noted that the discovery of a defendant's statements to law enforcement agents is of

the utmost importance in the preparation of a criminal defense. (Citation omitted.) The Advisory Committee's Notes to Rule 16 of the Federal Rules of Criminal Procedure reveal that a majority of the American Bar Association's Committee on Standards Relating to Discovery and Procedure Before Trial rejected the restrictive Jencks Act definition of producible "statement." The majority adopted:

> "* * * the view that the defendant ought to be able to see his statement in whatever form it may have been preserved in fairness to the defendant and to discourage the practice, where it exists, of destroying original notes, after transforming them into secondary transcriptions, in order to avoid cross-examination based upon the original notes."

Notes of Advisory Committee, Fed. R.Crim.P. 16 (emphasis added).

Although the record in this case does not reflect a discovery motion pursuant to Rule 16 by the appellant, the above-cited authorities underscore the importance of preserving original interview notes.

543 F.2d at 1252.

While the Ninth Circuit's opinion in *Harris* does not explicitly hold that rough interview notes are discoverable, it does cite with apparent approval many cases and other authorities that do conclude that rough notes are discoverable. To the extent the *Harris* opinion provides guidance, it suggests that the Ninth Circuit would take a pro-disclosure stance on rough interview notes. This principled inference is strengthened by noting that *Harris* was decided before the 1991 amendments to Rule 16 which added the explicit requirement that the government produce "that

portion of *any* written record containing the substance of *any* relevant oral statement." *See* Rule 16(a)(1)(A), Fed. R. Crim P. (1992) (emphasis added).

Moreover, an examination of the structure of Rule 16 reveals that the scope of the disclosure obligation is broader than the government would have it. The prosecution contends that it has satisfied its obligations by producing some written account of the substance of relevant oral statements by defendants, and that contention is accurate as it relates to current Rule 16(a)(1)(A), which requires disclosure to the defendant of "the substance of any relevant oral statement made by the defendant ... if the government intends to use the statement at trial." Rule 16(a)(1)(A) requires that the substance of the statement be produced, and does not specify a means of production. Rule 16(a)(1)(B)(ii) goes further, requiring the production of any written record containing the substance of any relevant oral statement made by the defendant. The prosecution wants the Court to limit the standard of production set by Rule 16(a)(1)(A), and to ignore the more exacting disclosure obligation imposed by Rule 16(a)(1)(B)(ii). I find the argument is unpersuasive in light of the plain meaning of the language of Rule 16. In the absence of clear Ninth Circuit authority to contravene that plain meaning, I find that Rule 16(a)(1)(B)(ii) requires the production of rough interview notes containing the substance of relevant oral statements by the defendants, including qualifying agents of Defendant Grace under Rule 16(a)(1)(C).[4]

Grace asks that the Court declare all past and present Grace employees to be agents of the company for purposes of Rule 16(a)(1)(C). Rule 16(a)(1)(C) states

---

**4.** In accordance with Rule 16(a)(1)(B)(ii), this ruling means that the government must produce only those portions of rough notes containing the substance of relevant oral statements.

that in cases involving organizational defendants, the government must disclose any statement described in Rule 16(a)(1)(A) and (B) if the government contends that the person making the statement:

> (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or
>
> (ii) was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.

██ Grace wants a declaration that all past and present employees fall within Rule 16(a)(1)(C) based on its argument that "[t]he broad sweep of the Indictment in this case, including its incorporation of many unidentified Grace employees and co-conspirators, makes it all too clear that the Government is intending to impute the conduct of all of Grace's current and former employees to the corporation itself." (Def.'s Mot. at 12.)

The plain language of Rule 16(a)(1)(C) forecloses Grace's far-reaching contention. Whether a statement must be produced under that rule depends on the government's position regarding the person making the statement. Grace's speculative broad sweep about the scope of the government's contentions is insufficient to pull every past and present Grace employee within the purview of Rule 16(a)(1)(C). It is impossible and unnecessary at this stage of the proceedings for the Court to intuit the government's intentions with respect to each past and present employee interviewed. The government must determine whether a given interview subject's rough notes must be produced, and in doing so it must be guided by its own planned contentions at trial. If the government attempts at trial to use a past or present employee's statement or conduct to bind Grace, but has not produced discoverable rough notes of any interview of that employee, the government's evidence may be excluded as a sanction for failure to comply with Rule 16. Grace's motion for an order declaring all employees to be covered by Rule 16(a)(1)(C) is denied.

**B. The Government's Obligation to Inspect Rough Interview Notes for *Brady* Material**

██ In a request joined by the individual Defendants, Grace asks the Court to order the prosecution to inspect all rough interview notes not required to be disclosed under Rule 16(a)(1)(B)(ii) for evidence favorable to the Defendants under *Brady*. This motion is denied. The provisions of *Brady* are self-executing, and the government has evinced an understanding of those obligations. An order compelling the government to comply with this already existing constitutional obligation is unnecessary.

**IV. Order**

Based on the foregoing, Defendant Grace's motion to compel production of rough interview notes (dkt. # 181) is GRANTED in part and DENIED in part as set forth above. The government must produce rough interview notes for all past and present Grace employees covered by Rule 16(a)(1)(C). Because it is unnecessary for the court to order the government to inspect all rough interview notes for *Brady* material, Grace's motion is denied in that regard.